UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MARK DOWNEY, | ) | |
| Plaintiff, | ) | Civil No. 5:19-391-WOB |
| v. | ) | |
| UNITED STATES OF AMERICA, et al., | ) | **OPINION & ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Mark Downey is a resident of McLean, Virginia who has filed a *pro se* civil complaint [R. 1] along with a motion to proceed *in forma pauperis* [R. 2]. The Court has reviewed Downey's motion to proceed *in forma pauperis*, and will grant the relief requested. This matter is before the Court to conduct the screening required by 28 U.S.C. § 1915(e)(2). *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Through his complaint Downey seeks $1.15 quadrillion in damages from the United States because, he contends, "[t]housands of Whistleblower Claims by the Disabled Plaintiff were accepted the Government and then unjustly deleted, destruction of government property, qui tam which resulted in personal injury and USC Counts." [R. 1 at 4] Downey attaches to his complaint a 22-page memorandum and a 78-page exhibit, but neither clarifies the factual basis for his claims, the legal basis for relief, or the nexus between his grievances and the Commonwealth of Kentucky. [R. 1-1]

A search of the federal court's online PACER database reveals that in the last year Downey has filed approximately 50 such complaints in federal courts across the country. The complaint in each of these cases is essentially identical, containing the same general allegations and including some unexplained reference to a person or entity located within the forum state. Cf. *Downey v.*

*United States*, No. 1: 19-CV-11651-RGS (D. Mass. 2019). Most have already been dismissed, and a handful of courts have imposed pre-filing restrictions upon Downey. See *Downey v. United States*, No. 1: 19-CV-5985-CM (S.D.N.Y. 2019).

The Court has reviewed Downey's complaint in this case and concludes that it fails to clearly and properly invoke the jurisdiction of this Court. First, Downey's complaint does not clearly identify the defendants, his factual allegations are vague and nonspecific, and he does not clearly assert any particular claim against any particular defendant. A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the Court must dismiss any complaint that fails to do so, *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). The Court's obligation to liberally construe *pro se* pleadings does not extend so far as to require it to conjure unpled facts or create claims for the plaintiff. *Moorman v. Herrington*, No. 4:08-cv-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009) (citations omitted).

Second, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Downey's allegations fall squarely within this characterization. In sum, Downey's submission in this case fails to qualify as a civil complaint which properly invokes this Court's subject matter jurisdiction.

Accordingly, the Court **ORDERS** as follows:

1. The Court **GRANTS** Downey's motion to proceed *in forma pauperis* [R. 2].

2. The Court **DISMISSES** Mark Downey's complaint [R. 1] for failure to adequately articulate a claim for relief under Federal Rule of Civil Procedure 8 and failure to invoke federal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

3. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and that *pauper* status is denied should any appeal be taken. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

4. This matter is **STRICKEN** from the active docket of the Court.

This 1st day of October, 2019.

Signed By:
*William O. Bertelsman* WOB
United States District Judge